IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANNETTE HUNNICUTT                                                                    PLAINTIFF

            v.            Civil No. 3:14-cv-3096-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                       DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Annette Hunnicutt, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed her applications for DIB and SSI on December 21, 2010, alleging an onset date of March 6, 2010,[1] due to lung problems, asthma, cracked ribs, carpal tunnel syndrome, emotional problems, depression, and arthritis. Tr. 124-134, 172, 188, 190.  The Commissioner denied her applications initially and on reconsideration. Tr. 66-79.  An

---

[1] The Plaintiff previously filed applications for benefits in March 2010, alleging disability since March 6, 2010. Tr. 145, 168.  These applications were denied at the initial level on April 30, 2010.

Administrative Law Judge ("ALJ") held an administrative hearing on March 20, 2013. Tr. 24-57. Plaintiff was present and represented by counsel.

At this time, she was 48 years old with a ninth grade education. Tr. 29-30. She had past relevant work ("PRW") experience as a cashier. Tr. 145, 173.

On May 10, 2013, the ALJ found that the Plaintiff's residual of injuries, status post closed head injury, status post pneumothorax, chronic obstructive pulmonary disease ("COPD"), and depression were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 12-14. After partially discrediting her subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform light work,

> except she needs to work in a controlled environment not exposed to dust, fumes, smoke, or extreme temperatures. She is unable to perform jobs which involve repetitive grasping and fingering but could do them frequently. She needs a job with simple tasks and simple instructions.

Tr. 14. The ALJ the concluded the Plaintiff could return to her PRW as a cashier. Tr. 18.

The Appeals Council denied the Plaintiff's request for review on August 27, 2014. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 10.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.   **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial

2

evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the

impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982) (en banc) (abrogated on other grounds); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's step two determination that the Plaintiff's carpal tunnel syndrome is non-severe.  "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities."  *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); 20 C.F.R. § 404.1521(a)).  "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two."  *Id.* (citing *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)).

On March 6, 2010, the Plaintiff was involved in a four-wheeler accident resulting in a closed heard injury and loss of consciousness.  Tr. 204-213.  She was hospitalized for five days for a scalp hematoma, mediastinal hematoma, traumatic pneumothorax, a closed fracture of the first rib on the left side, and pneumomediastinum.  The Plaintiff responded well to treatment, including pulmonary rehabilitation, and doctors released her home with directions to avoid lifting, driving, or any strenuous activity until she could be seen in follow-up.

Following discharge, she sought treatment from Dr. Ronald Reese for arm pain. Tr. 216, 217. On July 15, 2010, electromyography ("EMG") testing revealed the following:

> 1) Mild compromise of bilateral median nerves through the carpal tunnel with focal motor demyelination bilaterally and focal sensory demyelination on the right. May benefit from anti-inflammatories.
>
> 2) Mild to moderate compromise of the right ulnar nerve across the elbow with focal motor demyelination and partial motor/sensory conduction block, but no significant axon loss. May benefit from anti-inflammatories.
>
> 3) I suspect the lack of radial sensories may be related to years as a smoker.
>
> 4) I suspect there may be some related musculo-skeletal pain in the arm/forearm region that is not neurogenic in nature but related to trauma or overuse.

(Tr. 219).

Dr. Reese order occupational therapy and records reveal she underwent an initial evaluation on July 16, 2010. Tr. 220. During the evaluation, she demonstrated increased pain on the right cubital tunnel area with increased pain during palpation of the ulnar nerve and increased pain to the right lateral epicondyle area. The therapist performed numerous provocative testing suggesting positive lateral epicondylitis of the right arm.

The Plaintiff participated in six occupational therapy visits. Tr. 222. She made good progress and reported a drastic decrease in pain. Although scheduled to return for two more visits, the Plaintiff's last visit was August 11, 2010. On September 3, 2010, she was discharged for failing to complete the program.

On June 14, 2012, Dr. Shannon H. Brownfield performed a consultative general physical examination. Tr. 268-272. An examination showed positive bilateral Phalen's tests. Dr. Brownfield diagnosed COPD (untreated/smoker), probable bilateral carpal tunnel syndrome, and depression (untreated). He then opined that Plaintiff had moderate/severe

limitations with regard to the prolonged use of her hands; and moderate/severe limitations with regard to prolonged or heavy exertion.

The record contains only one RFC assessment. Dr. Patricia McCarron, a non-examining consultant concluded the Plaintiff's physical impairments were not severe. Tr. 260-263. Dr. Jerry Thomas affirmed this assessment on July 2, 2012. Tr. 279.

After reviewing the evidence, the undersigned finds that remand is necessary to allow the ALJ to reconsider the severity of the Plaintiff's carpal tunnel syndrome. Dr. Brownfield found the impairment significant enough to warrant moderate to severe limitations in the use of her hands. His medical opinion appears to be in conflict with the ALJ's determination that the impairment was not severe.

Dr. Brownfield's assessment also contradicts the ALJ's RFC findings. As such, remand is also necessary to allow the ALJ to clarify Dr. Brownfield's assessment of "moderate to severe limitations." *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (ALJ should recontact a treating or consulting physician if a critical issue is undeveloped or underdeveloped). In so doing, the ALJ should also ask Dr. Brownfield to complete a physical RFC assessment.

If Dr. Brownfield is unable to clarify his prior opinion and/or complete an RFC assessment without reevaluating the Plaintiff, then the ALJ should order a new consultative examination complete with a thorough RFC assessment.

**IV.  Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration

pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of December, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE